# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| EXPRESS SCRIPTS, INC.<br><br>                      Plaintiff,<br><br>v.<br><br>THE FEDERAL TRADE COMMISSION,<br><br>- and -<br><br>ANDREW N. FERGUSON,<br>in his official capacity as Chair<br>of the Federal Trade Commission,<br><br>                      Defendants. | Case No. 4:24-CV-1263-SRC |

## JOINT BRIEF IN RESPONSE TO THE COURT'S ORDER OF APRIL 11, 2025

On April 11, 2025, the Court issued an order directing the parties to meet and confer regarding the status of this case and to address five specific issues in a joint brief. Order at 4-5, ECF 25. The parties held a meet-and-confer via videoconference on April 17, 2025, and respond as follows:

    **1.**    **A status update regarding the case in light of former Chair Khan's departure from the Commission.**

Plaintiff Express Scripts, Inc. ("Express Scripts") filed the instant action on September 17, 2024, naming then-Chair of the Federal Trade Commission ("FTC") Lina M. Khan as one of the defendants. The parties completed briefing on defendants' motion to dismiss on February 13, 2025. As the Court noted, on January 20, 2025, President Trump designated FTC Commissioner Andrew M. Ferguson as Chairman. Order at 1. Former Chair Khan resigned from the FTC in January 2025. Following these developments, the Court issued its April 11 order.

On April 17, 2025, the parties met and conferred regarding the Court's questions and to discuss the possibility of settling this case. The parties met and conferred further regarding potential settlement on May 9, 2025. As discussed in more detail below, the parties agree that the case should proceed and that defendants' motion to dismiss is ripe for adjudication without the need for filing an amended complaint.

### 2. Any impact of former Chair Khan's departure on Express Scripts' allegations and/or requested relief in its Complaint.

<u>Joint position</u>. The parties agree that former Chair Khan's departure from the Commission renders moot Express Scripts' request for an injunction to recuse Khan from Commission actions pertaining to Express Scripts. *See* Compl., Prayer for Relief, cl. viii, ECF 1.

Beyond that, the parties agree that Khan's departure does not affect any of Express Scripts' allegations or claims. Express Scripts' allegations center on how the FTC's July 2024 Interim PBM Report ("Report") and accompanying press release were authorized, prepared, and issued, and the ongoing harm to Express Scripts from the Report's status as an FTC-approved document. The Report and press release were drafted and issued while Khan was Chair, making her statements and views relevant to Express Scripts' Complaint despite her departure. The parties agree that these allegations remain potentially relevant to Express Scripts' claims that the Report and press release defame it (Count 1) and that Express Scripts' due process rights were violated in the course of the Report's preparation (Count 2). The parties further agree that Express Scripts' claims (Counts 3 and 4) under the Administrative Procedure Act ("APA") are unaffected by Khan's departure. Finally, the parties agree that Express Scripts' structural Article II challenge to for-cause removal protections for FTC Commissioners (Count 5) is not specific to former Chair Khan and is unaffected by her departure.

Express Scripts' position.  Express Scripts reaffirms that the harm inflicted on it by the Commission's publication of the defamatory Report and press release will not be redressed without judicial intervention.  Since the filing of the Complaint, the ongoing business, reputational, and legal harms to Express Scripts have continued.  The Report and press release remain publicly available, injuring Express Scripts each day their false and defamatory content is not rescinded.  *See* Compl. ¶¶ 15, 93, 120-124.[1]  In addition to the four lawsuits cited in Express Scripts' opposition, *see* Opp. at 12, ECF 23, at least 12 other lawsuits have been filed against Express Scripts and other PBMs since January 30, 2025, citing the Report to support their allegations.[2]  Furthermore, on April 14, 2025, the National Association of Attorneys General ("NAAG")—representing a coalition of attorneys general from 39 U.S. states and territories—cited the Report in a letter urging Congress to pass legislation prohibiting PBMs from owning or operating pharmacies.[3]  Two days later, on April 16, Arkansas Governor Sarah Huckabee Sanders signed

---

[1] *See* Press Release, FTC, *FTC Releases Interim Staff Report on Prescription Drug Middlemen* (July 9, 2024), https://tinyurl.com/3uay6uxm; FTC, Pharmacy Benefit Managers: The Powerful Middlemen Inflating Drug Costs and Squeezing Main Street Pharmacies (July 2024), https://tinyurl.com/a75zz7k7.

[2] *See* Compl. ¶ 38, *AIDS Healthcare Found. v. GoodRx, Inc.*, No. 2:25-cv-03380 (C.D. Cal. Apr. 16, 2025), ECF 1; Compl. ¶ 611, *City of Rogers, Arkansas v. Eli Lilly & Co.*, No. 2:25-cv-02311 (D.N.J. Apr. 4, 2025), ECF 1; Compl. ¶ 30, *Southwest Pharmacy, Inc. v. CVS Caremark Corp.*, No. 5:25-cv-00031 (S.D. Miss. Apr. 1, 2025), ECF 1; Compl. ¶ 30, *AMT Grp. v. CVS Caremark Corp.*, No. 3:25-cv-00225 (S.D. Miss. Apr. 2, 2025), ECF 1; Compl. at 203 n.166, *City of Memphis, Tennessee v. Eli Lilly & Co.*, No. 2:25-cv-01659 (D.N.J. Mar. 5, 2025); Am. Compl. ¶ 611, *Hytrol Conveyer Co. v. Eli Lilly & Co.*, No. 2:25-cv-01415 (D.N.J. Feb. 24, 2025), ECF 1; Compl. ¶ 168 n.123, *Clements v. CVS Health Corp.*, No. 4:25-cv-00126 (W.D. Mo. Feb. 22, 2025), ECF 1; Compl. ¶ 610, *Bossier Parish Sch. Bd. v. Eli Lilly & Co.*, No. 2:25-cv-01322 (D.N.J. Feb 18, 2025), ECF 1; Compl. ¶ 472 n.101, *Wayne Cnty. Schs. Career Ctr. v. Eli Lilly & Co.*, No. 2:25-cv-01234 (D.N.J. Feb. 13, 2025), ECF 1; Am. Compl. ¶ 611, *St. Joseph Holdings LLC v. Eli Lilly & Co.*, No. 2:25-cv-01163 (D.N.J. Feb. 11, 2025), ECF 1; Compl. ¶ 89 n.23, *Capitol Heights Pharmacy v. GoodRx, Inc.*, No. 1:25-cv-00849 (D. Colo. Mar. 14, 2025), ECF 1; Compl. ¶ 42, *Gus Pharmacy, LLC v. GoodRx, Inc.*, No. 2:25-cv-00937 (C.D. Cal. Feb. 3, 2025), ECF 1.

[3] *See* Letter from Nat'l Ass'n of Att'ys Gen. to Mike Johnson, Speaker of the House, U.S. House of Representatives, et al. (Apr. 14, 2025), https://tinyurl.com/bdduwsw2.

H.B. 1150, which bars PBMs from owning pharmacies in Arkansas. Public reporting about the bill's passage repeated the FTC's defamatory conclusions, exacerbating the injury to Express Scripts' reputation.[4]

Defendants' position. Defendants maintain that subsequent third-party lawsuits, legislation, and advocacy work citing the Interim Report are not relevant to Express Scripts' claims for the reasons provided in defendants' motion to dismiss. *See* ECF 22 at 9-12, 21-22; ECF 24 at 4-7, 12-13.

**3. Any impact of former Chair Khan's departure on the Commission's motion to dismiss.**

The parties agree that former Chair Khan's departure from the Commission has no impact on any of defendants' arguments made in their motion to dismiss.

**4. How the parties propose the Court proceed with the case (e.g., grant Express Scripts' leave to amend its complaint, disregard certain portions of Express Scripts' allegations and/or requested relief in its complaint, etc.).**

The parties agree that this case should proceed in the ordinary course. The parties agree that filing an amended complaint is not necessary at this time. The parties further agree that the Court can disregard as moot or strike from Express Scripts' Complaint clause viii of Express Scripts' prayer for relief, which seeks Chair Khan's recusal from FTC actions pertaining to Express Scripts. The parties agree that no supplemental briefing is necessary on the FTC's motion to dismiss. Express Scripts requests oral argument on the motion. Defendants take no position as to Express Scripts' oral argument request, but stand ready to provide oral argument if the Court believes that argument would help resolve defendants' pending motion. Express Scripts reserves

---

[4] *See* Tess Vrbin, *Arkansas governor signs first-in-the-nation ban on drug middlemen owning pharmacies*, Arkansas Advocate (Apr. 17, 2025) ("The Federal Trade Commission released an interim report in July 2024 saying these conglomerates are eliminating competition and increasing drug prices at the expense of patients."), https://tinyurl.com/5ca2ajdj.

the right to amend the Complaint if the Court determines that one or more of the claims are subject to dismissal.  Defendants reserve the right to oppose any such amendment.

> **5.** **Citation to and a brief status report of any active lawsuits and administrative proceedings (and any scheduling orders entered in those cases), irrespective of factual or legal differences, between the Commission and Express Scripts (and, to be clear, including proceedings where other third parties are joined as parties as well).**

An FTC administrative proceeding and a related lawsuit in this District involving the Commission and Express Scripts (among other parties) are currently ongoing.

*In re Caremark Rx, L.L.C.*, **No. 9437 (F.T.C.).**  On September 20, 2024, the FTC brought an administrative complaint relating to insulin drug pricing against Express Scripts, two other major PBMs (Caremark Rx, L.L.C. and OptumRx Holdings, LLC), and related corporate entities, in an in-house proceeding.  The parties have since engaged in discovery and motions practice.  The original scheduling order set the close of fact discovery for June 6, 2025; the expert deposition deadline for July 31, 2025; and the evidentiary hearing for August 27, 2025.  *See* Scheduling Order, *In re Caremark Rx, L.L.C.*, No. 9437 (F.T.C. Oct. 23, 2024).  On March 18, 2025, President Trump announced the removal of the two non-recused FTC Commissioners—Rebecca Slaughter and Alvaro Bedoya—overseeing the proceeding.[5]  (By that time, Khan had already resigned.)  On April 1, the General Counsel of the FTC, acting for the Commission pursuant to Commission Rule 0.7(b), granted the parties' joint motion to stay the proceeding for 105 days and to reschedule the August 2025 trial for 225 days after the stay is lifted.  Order Staying Admin. Adjudication, *In re Caremark Rx, L.L.C.*, No. 9437 (F.T.C. Apr. 1, 2025).  On April 3, Chairman Ferguson, who had recused himself at the outset of the proceeding, "[un-]recuse[d]" himself "to ensure that the case

---

[5] Will Weissert & Christopher Rugaber, *Trump fires 2 Democrats on the Federal Trade Commission, seeking more control over regulators*, AP (Mar. 18, 2025, 9:52PM), https://tinyurl.com/2u7ceu8v.

can continue."[6] On April 10, the U.S. Senate confirmed President Trump's nominee Mark Meador to serve as FTC Commissioner.[7] The stay remains in place as of the date of this filing.

***Express Scripts, Inc. v. FTC*, No. 4:24-cv-1549-MTS (E.D. Mo.).** On November 19, 2024, respondents in the above administrative proceeding filed a collateral action in this District against the FTC, then-Chair Khan, Commissioners Slaughter and Bedoya, and the ALJ overseeing the proceeding, alleging that the administrative proceeding violates Article II, Article III, and the Fifth Amendment of the U.S. Constitution. *See Express Scripts, Inc. v. FTC*, No. 4:24-cv-1549-MTS (E.D. Mo. Nov. 19, 2024), ECF 1. The same day, plaintiffs moved for a preliminary injunction of the administrative proceeding pending resolution of the collateral action. *Id.*, ECF 7. That case was assigned to Judge Matthew T. Schelp. A hearing on the motion was held on February 3, 2025. After the hearing, while the motion was pending, the government notified the district court that it would "no longer defend" the constitutionality of for-cause removal protections for FTC Commissioners or ALJs because those removal protections violate Article II. *Id.*, ECF 57 (Notice of Change in Position). The district court denied plaintiffs' motion for a preliminary injunction on February 18. *Id.*, ECF 59. Plaintiffs promptly sought a stay of the administrative proceeding pending appeal on February 21, *id.*, ECF 62, which the district court denied on February 24, *id.*, ECF 64. Plaintiffs timely appealed the denial of the preliminary injunction to the Eighth Circuit and sought an injunction pending appeal or, in the alternative, expedited briefing. *Express Scripts, Inc. v. FTC*, No. 25-1383 (8th Cir. Mar. 3, 2025), Dkt. 5491684. On March 20, the Eighth Circuit denied the motion for an injunction pending appeal and the request for

---

[6] Statement of Chairman Andrew N. Ferguson (Apr. 3, 2025), https://tinyurl.com/8zexzdf8.

[7] Press Release, FTC, *FTC Chairman Ferguson Congratulates Mark Meador on Confirmation as FTC Commissioner* (Apr. 10, 2025), https://tinyurl.com/ydu83266.

expedition. *Id.*, Dkt. 5498208. On April 15, plaintiffs filed their opening brief on appeal. *Id.*, Dkt. 5506777. Defendants' opposition is due on May 16, and plaintiffs' reply is due 21 days after the Eighth Circuit accepts defendants' opposition. *See id.*, Dkt. 5488934 (scheduling order).

                    \*                    \*                    \*

The parties stand ready to provide any additional information the Court should require and to participate in oral argument on the pending motion to dismiss.

Dated: May 12, 2025

Respectfully Submitted,

By: /s/ *Sarah C. Hellmann*

Alexander W. Resar (N.Y. Bar 5636337)
Trial Attorney
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Federal Program Branch
1100 L St. N.W.
Washington, DC 20005
Tel: (202) 616-8188
alexander.w.resar@usdoj.gov

*Attorney for Defendants*

Sarah C. Hellmann, #50373MO
Christopher A. Smith, #53266MO
HUSCH BLACKWELL LLP
8001 Forsyth Ave., Suite 1500
St. Louis, MO 63105
Telephone: (314) 480-1500
sarah.hellmann@huschblackwell.com
chris.smith@huschblackwell.com

Jennifer Milici (*pro hac vice*)
Perry A. Lange (*pro hac vice*)
Sabrina Minhas (*pro hac vice*)
WILMER CULTER PICKERING
   HALE AND DORR LLP
2100 Pennsylvania Ave., NW
Washington, DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
jennifer.milici@wilmerhale.com
perry.lange@wilmerhale.com
sabrina.minhas@wilmerhale.com

Charles F. Rule (*pro hac vice*)
Daniel J. Howley (*pro hac vice*)
Derek W. Moore (*pro hac vice*)
RULE GARZA HOWLEY LLP
901 Seventh Street, NW, Suite 600
Washington, D.C. 20001
Telephone: (202) 843-9280
rule@rulegarza.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 12, 2025, the foregoing was filed electronically with the Clerk of Court, to be served by operation of the Court's electronic filing system upon all counsel of record.

                                           _/s/     Sarah C. Hellmann_

        howley@rulegarza.com
        moore@rulegarza.com

*Attorneys for Plaintiff Express Scripts, Inc.*